Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**Rooney & Lickel**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 573-9547
rooneycdi@gmail.com

[Additional attorneys listed on signature page]

Attorneys for Plaintiff MARIA CAUDILLO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CAUDILLO,<br><br>    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>    Defendant. | CASE No. 12-cv-00200-IEG-RBB<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |

## INTRODUCTION

1. Plaintiff Maria Caudillo, through her counsel, brings this action to challenge the acts of Portfolio Recovery Associates, LLC (hereinafter "PRA")

regarding attempts by PRA to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. As PRA does business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over PRA for purposes of this action.

8. Venue is proper as PRA does business in the County of San Diego, the acts at issue took place in the County of San Diego, and PRA has a business location in the County of San Diego, in the central district of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, is a disabled person as defined in California Civil Code § 1761(g), and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant PRA is a Delaware limited liability company, based in Virginia and doing business in the state of California.

11. Defendant PRA is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Defendant PRA, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Defendant PRA claims that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. On July 21, 2011, PRA filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Ms. Caudillo, in the matter of <u>Portfolio Recovery Associates, LLC v Maria Caudillo</u>, et al, case number 37-2011-00077933-CL-CL-NC.

17. A copy of this July 21, 2011 State Court Complaint is attached as Exhibit A.

18. In the above July 21, 2011 State Court Complaint, later served on Ms. Caudillo, PRA alleged that PRA furnished "purchases and/or cash advances" to Ms.

Caudillo on a credit card account issued by PRA, and that PRA was entitled to an award of attorney's fees.

19. In fact, PRA did not ever furnish "purchases and/or cash advances" to Ms. Caudillo on any credit card, nor did PRA issue any credit card to Ms. Caudillo, and PRA had no legal basis to request attorney's fees.

20. PRA did not list any creditor other than PRA in the above April 11, 2011 State Court Complaint, and by doing so PRA represented that PRA was in fact the "original creditor," or the party issuing credit, to Ms. Caudillo.

21. The "least sophisticated debtor" would in fact be confused or mislead as to the identity of the "original creditor" on the account alleged by PRA in the above July 21, 2011 State Court Complaint.

22. In the above July 21, 2011 State Court Complaint, PRA also claimed a right to recover $4,845.61 under a theory of Money Lent.

23. Neither PRA nor any predecessor of PRA lent money to Ms. Caudillo in this amount.

24. In the above July 21, 2011 State Court Complaint, PRA also claimed a right to recover $4,845.61 under a theory of Goods, Wares and Merchandise.

25. Neither PRA nor any predecessor of PRA provided goods, wares or merchandise valued at this amount to Ms. Caudillo without being paid.

26. In the above July 21, 2011 State Court Complaint, PRA also claimed a right to recover $4,845.61 under a theory of Account Stated.

27. Ms. Caudillo never entered into an account stated with PRA or with any predecessor of PRA.

### ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
### FIRST CLAIM FOR RELEIF
### (Violations of the FDCPA by PRA)

20. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

21. Defendant PRA violated the FDCPA. Defendant's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    c. *15 U.S.C.§1692e(5)* by threatening to take an action that cannot legally be taken or was not intended to be taken;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

22. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## **SECOND CLAIM FOR RELEIF**

**(Violations of the Rosenthal Act by PRA)**

23. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

24. Based on information and belief, Defendant PRA's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13*.

25. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following: Defendant's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

      b.    *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

      c.    *15 U.S.C.§1692e(5)* by threatening to take an action that cannot legally be taken or was not intended to be taken;

      d.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

      e.    *15 U.S.C. §1692f(1)* by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

26.    Defendant also violated the Rosenthal Act at Civil Code § 1788.13 by making a false repsentation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

27.    Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

28.    As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant PRA, and pray for the following relief:

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PRA and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant PRA and for the Plaintiff;

3.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant PRA and for Plaintiff;

4.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant PRA and for Plaintiff;

5. An award of an additional $2,000.00 in statutory damages pursuant to California Civil Code §§ 3345;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant PRA; and

7. Such other and further relief this court may deem just and proper.

Respectfully submitted,

Date: May 14, 2012                    s/Joshua B. Swigart
                                      Joshua B. Swigart
                                      Attorney for Plaintiff MARIA CAUDILLO

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-102