# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CAUDILLO,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　　　　　Defendant. | CASE NO.  12-CV-200-IEG (RBB)<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 28]<br><br>**2. DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**<br><br>[Doc. No. 29] |

Before the Court are the parties' cross motions for summary judgment as to Defendant Portfolio Recovery Associates, LLC ("PRA")'s liability under § 1692e of the Fair Debt Collection Practices Act ("FDCPA") and corresponding sections of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). [Doc. Nos. 28, 29.] For the reasons below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

## BACKGROUND

This case arises from a debt collection action in San Diego Superior Court against Plaintiff Maria Caudillo. Caudillo failed to make payments on a Wells Fargo Bank, N.A., ("Wells Fargo") credit card account ending in "7667." Defendant PRA, a debt collector, purchased the account from Wels Fargo, and sent an initial collection letter to Caudillo on July 10, 2009, stating that PRA purchased the

account. PRA sent additional collections letters to Caudillo on November 6, 2009 and January 26, 2010. Over a year and a half later, on July 21, 2011, PRA filed a common counts form complaint against Caudillo in San Diego Superior Court, attempting to recover $4,845.61. [*See* Doc. No. 28-7, Ex. A ("the form complaint").]

The form complaint repeatedly identifies PRA as "Plaintiff," [*see* 28-7 at 3,4,5], but makes no mention of Wells Fargo, the original creditor, nor to any specific credit account. The form complaint also makes repeated reference to the subject debt being owed by Caudillo to "Plaintiff," *i.e.*, PRA. [*See, e.g.*, *id.* at 4 ("for goods, wares, and merchandise sold and delivered to [Caudillo] and for which [Caudillo] promised to pay plaintiff," "for money lent by plaintiff to [Caudillo] at [Caudillo's] request," "for credit card purchases and/or cash advances on the credit account issued by Plaintiff . . .").]

Caudillo retained counsel, answered the form complaint, and propounded discovery requesting the identities of the parties to the alleged debt. PRA responded that Wells Fargo is the original creditor to the debt referenced in the form complaint, and subsequently filed an *ex parte* request to amend the form complaint on grounds that it "should have stated that PRA was a valid assignee of Wells Fargo Bank, N.A., the original creditor who contracted with [Caudillo]." [*Id.* at 3.]

On January 25, 2012, Caudillo commenced the present action, [*see* Doc. No. 1], and on May 14, 2012, filed the operative amended complaint, [Doc. No. 16], which alleges that PRA's failure to identify the original creditor in its form complaint violates § 1692e of the FDCPA and corresponding sections of the Rosenthal Act. The parties' present cross motions concern whether, on the undisputed facts as a matter of law, PRA's failure to identify the original creditor indeed constitutes a violation of § 1692e of the FDCPA and corresponding sections of the Rosenthal Act. [*See* Doc. Nos. 28, 29.]

///

///

## DISCUSSION

### I. Legal Standard

"Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the nonmoving party, the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009) (citing Fed. R. Civ. P. 56).  Where, as here, "the material facts are undisputed and resolution of a motion for summary judgment turns on a question of law . . . the court is left with the obligation to resolve the legal dispute between the parties as a matter of law." *Gulf Ins. Co. v. First Bank*, 2009 WL 1953444, at *2 (E.D. Cal. July 7, 2009) (citing *Asuncion v. District Director of U.S. Immigration and Naturalization Service*, 427 F.2d 523, 524 (9th Cir. 1970)); *see also International Ass'n of Machinists and Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976) ("It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate.") (citing *Asuncion*, 427 F.2d at 524).

### II. FDCPA Claims

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors."  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006).  "It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices." *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 755674, at *2 (S.D. Cal. Feb. 27, 2013) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)); *see also McCollough v. Johnsonb, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).  "Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer, and, when in doubt, against debt collectors." *Heathman*, 2013 WL 755674, at *2; *see also Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) ("the FDCPA should by construed liberally to effect its remedial purpose"); *Swanson v. Southern Oregon Credit Service, Inc.*, 869

F.2d 1222, 1228 (9th Cir. 1988) ("One who deliberately goes perilously close to an area of proscribed conduct takes the risk that he may cross the line.") (internal quotation omitted).

In this case, Plaintiff contends that PRA's form complaint[1] violates § 1692e of the FDCPA, which section "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). "In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law," "requir[ing] an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Id.* at 1061 (internal quotation omitted); *see also Terran v. Kaplan*, 109 F.3d 1428, 1428 (9th Cir. 1997) ("the question whether language [could] confuse a least sophisticated debtor is a question of law.").

"The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzalez,* 660 F.3d at 1061-62 (internal quotation omitted). It "is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive." *Id.* And although "FDCPA liability [is] not concerned with mere technical falsehoods that mislead no one, but instead genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response,"[2] *Donohue*, 592 F.3d at 1034, "literally true statement[s] can still be misleading" and "it is well established that [a statement] is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzalez,* 660 F.3d at 1062. As such, when "faced with ambiguous language," a court is not "to read the language from the perspective of a savvy consumer" who

---

[1] "[A] complaint served directly on a consumer to facilitate debt-collection efforts is [] subject to the requirements of § 1692e." *Donohue*, 592 F.3d at 1030.

[2] This "materiality requirement" is premised on the notion that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §[] 1692e." *Donohue*, 592 F.3d at 1033.

might be expected "to seek explanation of confusing or misleading language in debt collection letters." *Id.* Rather, "the debt collector that fails to clarify that ambiguity does so at its peril." *Id.*; *see also Becker v. Genesis Fin. Servs.*, 2007 WL 4190473, at *6 (E.D. Wash. Nov. 21, 2007) ("courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate"); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1141 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of [] two interpretations"). Thus, to determine PRA's liability as a matter of law under § 1692e of the FDCPA, the Court must determine whether PRA's form complaint would confuse the least sophisticated debtor by failing to identify Wells Fargo, the original creditor.

This Court and others have repeatedly held that a debt collection complaint that "fail[s] to identify . . . the original creditor, is both deceptive and material under the least sophisticated consumer standard, [and thus] constitutes a violation of § 1692e." *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 3746111, at *4-5 (S.D. Cal. July 15, 2013) (recounting examples of the "easy to conceive potential frustration to the least sophisticated consumer [posed by] failure to identify the original creditor"); *Thomas v. Portfolio Recovery Associates,* Case. No. 12cv1188-WQH-WMc, Dkt. No. 35 at 8-9, 11 (S.D. Cal. Aug. 12, 2013) ("The Court finds PRA's failure to identify the original creditor in the State Court Complaint . . . constitute[s] a violation of the FDCPA."); *Tourgeman v. Collins Fin. Services, Inc.*, 2011 WL 3176453, at *5 (S.D. Cal. July 26, 2011) (holding that failure to identify "the original creditor unquestionably could 'frustrate a consumer's ability to intelligently choose his or her response,'" and stating that "the Court can conceive of nary a situation more confusing than receiving a dunning letter identifying an original creditor to whom the consumer never was indebted."); *accord Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F.Supp.2d 986, 996 (D. Ariz. 2010) ("To preserve the protections and policies of the FDCPA, it is important to know the

proper identity of the creditor. Knowing a creditor's identity allows the 'least sophisticated consumer' to make more informed decisions on how to communicate with the creditor and avoid being misled."); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) ("District courts have decided, and we agree, that a [] false representation of the creditor's name may constitute a false representation . . . under Section 1692e" because it may "cause[] [] confusion and delay in trying to contact the proper party concerning payment . . . and resolution of the problem.") (internal quotation omitted); *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499, at *3 (E.D. Wisc. July 13, 2006) ("without the full and complete name of the creditor . . . the unsophisticated debtor would be confused by the collection letter."); *Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) ("Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA.").

Here, PRA's form complaint fails to identify, indeed omits any reference to, Wells Fargo, the original creditor. [*See* Doc. No. 28-7, Ex. A.] And it compounds that failure to identify by repeatedly referring to the purported debt as owed to, or a result of money lent or credit extended by, PRA. [*Id.* at 3,4.] Moreover, PRA conceded the importance of this omitted information by justifying its request to amend on grounds that "the complaint . . . should have stated that PRA was a valid assignee of Wells Fargo Bank, N.A., the original creditor who contracted with [Caudillo]." [Doc. No. 28-7 at 3.] PRA's conceded "failure to identify . . . the original creditor [in its form complaint], is both deceptive and material under the least sophisticated consumer standard, [and thus] constitutes a violation of § 1692e." *Heathman,* 2013 WL 3746111, at *5; *see also Gonzalez*, 660 F.3d at 1061-62. Accordingly, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion as to PRA's liability under § 1692e of the FDCPA.

///

**III.   Rosenthal Act**

"California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also* Cal. Civ.Code § 1788 *et seq*. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100. "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*. Thus, "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partner*, 2008 WL 4079281, at *4 (S.D. Cal. Aug. 28, 2008). Moreover, "[t]he Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzalez*, 660 F.3d at 1068. Because Plaintiff establishes liability under § 1692e of the FDCPA, *see supra*, she also establishes liability under the Rosenthal Act. *Sial*, 2008 WL 4079281, at *4. Accordingly, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion as to PRA's liability under the Rosenthal Act.

## CONCLUSION

For the foregoing reasons, the Court hereby:

- **GRANTS** Plaintiff's motion for summary judgment and thereby finds PRA liable under both the FDCPA and the Rosenthal Act for violations of § 1692e; and

- **DENIES** Defendant's motion for summary judgment in its entirety.

**IT IS SO ORDERED.**

**DATED:** August 13, 2013

**IRMA E. GONZALEZ**
**United States District Judge**