1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6

7  Attorneys for defendant
   Portfolio Recovery Associates, LLC

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 MARIA CAUDILLO,                    )  CASE NO.: 12-cv-00200-GPC-RBB
                                      )
13           Plaintiff,               )  **DEFENDANT'S MEMORANDUM OF**
                                      )  **CONTENTIONS OF FACT AND**
14                                    )  **LAW, ABANDONED ISSUES, TRIAL**
      vs.                             )  **EXHIBITS AND WITNESS LIST**
15                                    )
                                      )  **[LOCAL RULE 16.1(f)(2) AND FRCP**
16 PORTFOLIO RECOVERY                 )  **26(a)(3)]**
   ASSOCIATES, LLC,                   )
17                                    )
                                      )
18         Defendant.                 )
                                      )  The Honorable Gonzalo P. Curiel
19 _____   )

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Minute Entry entered on September 6, 2013 (Docket No. 42), confirming the Final Pretrial Conference for October 11, 2013 and Civil Local Rule 16.1(f)(2), Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), hereby submits the following Memorandum of Contentions of Fact And Law, Abandoned Issues, Trial Exhibits and Witness List:

**A.    MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

   **Contentions of Fact**:

Plaintiff Maria Caudillo opened a credit card account with Wells Fargo ending in 7667 (the "Account") and incurred a financial obligation through her use of the Account. Ms. Caudillo was the sole authorized user on the Account – no other person used it.  She understood her Account would be subject to a written agreement, and had no reason to believe that she did not receive an agreement from Wells Fargo.

Wells Fargo mailed monthly statements for the Account to Ms. Caudillo at her home address of 1137 Glendening Ct., Brawley, CA 92227-7743.  Those Account statements included one with a closing dated of October 13, 2008, stating that the balance on the Account was $4,845.61.

Ms. Caudillo was unable to pay the minimum monthly payments on the Account, and she eventually stopped making payments altogether without paying the Account in full.

Ms. Caudillo never contacted Wells Fargo to dispute any of the charges, fees, or interest that had been applied to the Account.

When PRA acquired the Account from Wells Fargo on June 30, 2009, the unpaid balance was $4,845.91.

PRA sent an initial demand letter to Ms. Caudillo on July 10, 2009, addressed to her at 1137 Glendening Ct., Brawley, CA 92227-7743.  The letter informed her that PRA had purchased her Account from Wells Fargo.

A second letter was sent to Ms. Caudillo on November 6, 2009, informing her that the Account had been transferred to PRA's litigation department.

On January 26, 2010, PRA sent a third letter to Ms. Caudillo which contained another notice that the Account had been transferred to PRA's litigation department. None of the letters sent to Caudillo were returned to PRA as undeliverable.

The Account was later referred to CIR Law Offices ("CIR") for collection, and CIR was authorized to proceed with litigation if the firm deemed it appropriate.

CIR prepared a complaint on behalf of PRA and filed it on July 21, 2011, in San Diego County Superior Court (the "State Complaint").

Ms. Caudillo was served with the State Complaint and the summons on August 2, 2011.

The State Complaint was a California Judicial Council form complaint which asserted a single cause of action for "Common Counts" – including counts for open book account, account stated, goods sold and delivered and money lent. Each of the "Common Counts" were alleged by checking the corresponding box on the form complaint. The text next to one of the boxes left <u>unchecked</u> in the form complaint reads as follows:

**(6) [ ] other (specify): for credit card purchases and/or cash advances on the credit account issued by Plaintiff for which Defendant was billed monthly and failed to dispute as required under the Federal Fair Billing Act applicable to such account (IS USC Section et Seq.).**

Ms. Caudillo could not recall when she first received or read the State Complaint. She admittedly did not even attempt to read the language of the summons and only skimmed the State Complaint without paying any attention to detail. She then ignored the State Complaint and summons for a number of weeks and did not attempt to read it again until after her mother's repeated requests that she review them in detail.

Ms. Caudillo understood that any allegation next to an unchecked box was not being alleged by PRA. Consistent with this understanding, she ignored the allegations in the State Complaint that were not checked with an "X."

Ms. Caudillo understood that PRA filed the State Complaint because it was seeking to collect money from her. Despite this, she never tried to contact PRA in order to ask questions about the financial obligation it was trying to collect from her.

Ms. Caudillo knew after reading the State Complaint that she has to respond to it and that it was something she could not ignore because it was a serious matter. She understood that if she did not respond, PRA might get a judgment against her in the lawsuit.

Ms. Caudillo then retained attorney Stephen Recordon hired an attorney to respond to the Complaint for her.

Ms. Caudillo never paid any money to her attorneys or to the state court and that she will not have to pay her attorneys any money for the work they did in the state court action.

Ms. Caudillo's claims are all based on the contents of the State Complaint.

Ms. Caudillo has not incurred any actual damages as a result of the State Complaint that was filed against her.

There is no basis for awarding any statutory damages to Ms. Caudillo under the FDCPA or under the Rosenthal Act.

**Contentions of Law**:

To determine whether any statutory damages should be awarded under the FDCPA, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See* 15 U.S.C. § 1692k(b)(1); *see also Jerman v. Carlisle, et al.*, 2011 WL 1434679 (N.D. Ohio April 14, 2011) (awarding zero statutory damages to plaintiff and class after plaintiff prevailed on liability in the Supreme Court).

A consumer may not recover any statutory damages under the Rosenthal Act in the absence of evidence that the collector "willfully and knowingly" violated the statute. *See* Cal. Civ. Code § 1788.30(b).

**B.**   **ABANDONED ISSUES**

The issue of liability under the FDCPA and the Rosenthal Act for violations of FDCPA section 1692e has been determined against PRA pursuant to the Court's Order dated August 13, 2013 (Docket No. 36).

**C.**   **EXHIBITS**

Defendant expects to offer the following exhibits at trial (other than exhibits used for purposes of impeachment):

**Exhibit Number**          **Description**

A.      Records obtained by PRA relating to the unpaid Wells Fargo account of Ms. Caudillo ending in 7667.

B.      Complaint, Summons, and Proof of Service of Summons filed in the State Court action, styled as *Portfolio Recovery Associates, LLC v. Maria Caudillo*, San Diego Superior Court, Case No. 37-2011-00077933-CL-CL-SC.

C.      Answer to the complaint filed in the State Court action, styled as *Portfolio Recovery Associates, LLC v. Maria Caudillo*, San Diego Superior Court, Case No. 37-2011-00077933-CL-CL-SC.

D.      Docket Report for the State Court action, styled as *Portfolio Recovery Associates, LLC v. Maria Caudillo*, San Diego Superior Court, Case No. 37-2011-00077933-CL-CL-SC.

E.      Letter dated July 10, 2009, from PRA to Maria Caudillo

F.      Letter dated November 6, 2009, from PRA to Maria Caudillo.

G.      Letter dated January 26, 2010, from PRA to Maria Caudillo.

H.      Defendant's Requests For Admission To Plaintiff, Set One.

I.      Plaintiff's Responses To Defendant's Requests For Admission, Set One.

J.      Defendant's Requests For Production Of Documents, Set One.

K.      Plaintiff's Responses To Defendant's Requests For Production Of Documents, Set One.

L.      Defendant's Requests For Production Of Documents, Set Two.

M.    Plaintiff's Responses To Defendant's Requests For Production Of Documents, Set Two.

N.    Defendant's Interrogatories To Plaintiff, Set One.

O.    Plaintiff's Responses To Defendant's Interrogatories, Set One.

P.    Declaration Of Maria Caudillo, Docket 28-2.

Q.    Transcript and Exhibits of the March 26, 2013, deposition of Maria Caudillo.

R.    PRA Internal account records reflecting collection activity on the Caudillo Account.

S.    Bankruptcy Petition And Schedules of Maria Caudillo.

**D.    WITNESSES**

Defendant expects to offer at trial (other than for purposes of impeachment) the following witnesses:

1.    Maria Caudillo.  2611 East 14th Street, National City, CA 91950

2.    Ralph Mesisco.  Portfolio Recovery Associates, LLC, 140 Corporate Boulevard, Nofolk, VA 23502.

3.    Tara Muren.  CIR Law Offices, LLP.  8665 Gibbs Drive, Suite 150, San Diego, CA 92123.


DATED: September 13, 2013          SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
                                   ARVIN C. LUGAY


                                   By:  s/Tomio B. Narita
                                        Tomio B. Narita
                                        Attorneys for Defendant
                                        Portfolio Recovery Associates, LLC.

1    I, Tomio B. Narita, hereby certify that:

2    I am employed in the City and County of San Francisco, California.  I am over

3    the age of eighteen years and not a party to this action.  My business address is 44

4    Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel

5    of record for the defendant in this action.

6    On September 13, 2013, I caused the **DEFENDANT'S MEMORANDUM**

7    **OF CONTENTIONS OF FACT AND LAW, ABANDONED ISSUES, TRIAL**

8    **EXHIBITS AND WITNESS LIST** to be served parties listed below via the Court's

9    Electronic Filing System:

10   **VIA ECF**
     Clinton J. Rooney
11   rooneycdi@gmail.com
     Counsel for Plaintiff
12

13   Stephen G. Recordon
     sgrecordon@aol.com
14   Counsel for Plaintiff

15   Joshua Swigart
     josh@westcoastlitigation.com
16   Counsel for Plaintiff

17   I declare under penalty of perjury that the foregoing is true and correct.

18   Executed at San Francisco, California on this 13th day of September, 2013.

19

20                          By:  s/Tomio B. Narita_____
                                 Tomio B. Narita
21                               Attorneys for Defendant
                                 Portfolio Recovery Associates, LLC.

22

23

24

25

26

27

28